UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KIMBERLY E. DAVES                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:08CV-178-S

MORGAN TIRE & AUTO, INC.                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Morgan Tire & Auto, Inc., to preclude the use of the expert opinions, testimony, and report of Frank E. Gomer, Ph.D. at the trial of this case. Dr. Gomer is offered as a safety engineering and human factors expert who is expected to testify concerning the purported lack of adequate inspection of the condition of the floor in the Tire Plus Total Car Care customer restroom. It is alleged that while waiting for her vehicle to be serviced, the plaintiff, Kimberly E. Daves, entered the restroom, turned on the light, slipped in water which had leaked from overhead, hit her head and neck against the door and wall, and fell to the ground, causing her injuries. It is claimed that Morgan Tire was on notice of the leak, that there were no regularly scheduled inspections of the restroom, and that Morgan Tire failed to conduct such inspections so as to ensure that such hazards were discovered and remedied in a timely fashion.

Dr. Gomer holds a doctorate in safety engineering and human factors engineering from Washington University in St. Louis. He holds an undergraduate degree in psychology from Colgate University. He is a member of the American Society of Safety Engineers and the Human Factors Engineering and Ergonomic Society and the Safety Standards Technical Panel for Underwriters Laboratories. Daves notes that Dr. Gomer has specific experience in helping businesses eliminate safety hazards which affect customers and patrons, including slip, trip, and fall hazards. Response, p. 3. Dr. Gomer testified that Morgan Tire should have employed a floor inspection and sweep-sheet

program performing visual inspections in areas where spills are known to occur, such as bathrooms. He testified that spill hazards are difficult for untrained eyes to see, especially if the spill hazard does not differ significantly from the surrounding floor surface in texture, color, or luminance, such as in this case. *Id.* In reaching his conclusions, Dr. Gomer cited to various publications in the field of safety and human factors engineering[1] and to the *Slip and Fall Handbook*, authored by Dr. Stephen Rosen.

Morgan Tire seeks to preclude Dr. Gomer's testimony on the ground that he has no experience in the automotive service industry and has never visited the Tires Plus Total Car Care center in issue. However, the question is whether Dr. Gomer may opine on minimizing risk with respect to public restroom floors, an area which requires no specialized knowledge about the automotive service industry.

Dr. Gomer testified that he is unaware of an industry publication for automotive service centers that sets forth a standard for inspecting restrooms, and the defendant's expert urges that no such standard exists in the industry. Morgan Tire contends that Dr. Gomer seeks to manufacture a 15-minute inspection standard which is wholly unreasonable for the automotive industry. This objection goes to the weight rather than the admissibility of the testimony. Further, we find Morgan Tire's contention that the 15-minute standard is simply guesswork to be without merit. Dr. Gomer's opinion is derived from certain human factors and safety analysis of patron behavior and his consideration of Rosen's chapter which discusses "sweep standards" in various settings. He also considered Morgan Tire's own documentation concerning slip hazards. Gomer depo., p. 36. Again, the objection goes to the weight rather than the admissibility of the testimony. Morgan Tire is free to argue that sweep logs and inspection requirements are inapplicable and/or impracticable in the automotive service industry generally, or with respect to this service center in particular. We

---

[1] These publications are listed in Dr. Gomer's report.

- 2 -

conclude, however, under the Fed.R.Evid. 702 standard, that Daves has shown Dr. Gomer's testimony to be based upon sufficient facts and data, to be the product of reliable principles and methods, and that those principles were reliably applied to the facts in formulating his opinions. Dr. Gomer has significant experience in the area of public premises hazard management and has relied upon a number of relevant publications in reaching his conclusions.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Morgan Tire & Auto, Inc., to exclude the expert opinions, testimony, and report of Frank E. Gomer, Ph.D. is **DENIED.**

**IT IS SO ORDERED.**

December 17, 2009

**Charles R. Simpson III, Judge**
**United States District Court**